**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **EDCV 15-949-JFW (DTBx)** | Date: June 17, 2015 |
| Title: | Mike A. Rosales -v- Staples Contract & Commercial, Inc. et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER STRIKING MOTION TO REMAND [filed 6/15/15; Docket No. 22];**

    **ORDER REQUIRING ADDITIONAL MEET AND CONFER; and**

    **ORDER TO SHOW CAUSE RE SANCTIONS**

    Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  Local Rule 7-3.  Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion."  *Id.*  "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"  *Id.*  In addition, the Court's Standing Order further provides:

> Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.

Standing Order [Docket No. 10] at ¶ 5(b).

On June 15, 2015, Plaintiff Mike A. Rosales ("Plaintiff") filed a Statement of Meet and Confer Regarding Plaintiff's Motion to Remand [Docket No. 21], in which counsel for Plaintiff states that the parties conducted via telephone a meet and confer conference that lasted approximately one hour about various issues," including Plaintiff's Motion to Remand.  However, on June 15, 2015, Defendant Staples Contract & Commercial, Inc. ("Defendant") filed a Response to Plaintiff's Statement of Meet and Confer Regarding Plaintiff's Motion to Remand [Docket No. 24], in which counsel for Defendant states that the parties did not meet and confer about Plaintiff's Motion to Remand, but, instead, "Plaintiff's counsel simply stated Plaintiff's intention to file a motion to remand."  The Court concludes that counsel for the parties failed to engage in an adequate meet and confer conference.

Accordingly, the Court hereby **STRIKES** Plaintiff's Motion to Remand [Docket No. 22] for failure to comply with Local Rule 7-3 and paragraph 5(b) of the Court's Standing Order.  If Plaintiff wishes to re-file its Motion to Remand, the parties shall meet and confer in person by **June 24, 2015**.  Within 3 days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved.  If a Motion to Remand remains necessary, Plaintiff shall not file it until 2 days after each party files the declaration required by this Order.

In addition, Plaintiff's counsel, Kevin T. Barnes, is ordered to show cause in writing by **June 19, 2015** why he should not be sanctioned in the amount of $750 for failing to conduct and participate in a meaningful meet and confer conference regarding Plaintiff's Motion to Remand, as required by Local Rule 7-3 and the Court's Standing Order, and for his mischaracterization of the actual meet and confer conference in the Statement of Meet and Confer Regarding Plaintiff's Motion to Remand.

No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action

IT IS SO ORDERED.