UNITED STATES DISTRICT COURTJS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.**EDCV 15-949-JFW (DTBx)**Date: July 27, 2015

Title:Mike A. Rosales -v- Staples Contract & Commercial, Inc. et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):****ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO REMAND TO STATE COURT [filed 6/29/15; Docket No. 29]**

On June 29, 2015, Plaintiff Mike A. Rosales ("Plaintiff") filed a Renewed Motion to Remand to State Court ("Motion"). On July 6, 2015, Defendant Staples Contract & Commercial, Inc. ("Defendant") filed its Opposition. On July 13, 2015, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 27, 2015 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.Factual and Procedural Background**

On April 10, 2015, Plaintiff filed a Complaint against Defendant in San Bernardino Superior Court. On May 11, 2015, Plaintiff filed a First Amended Complaint, alleging claims for: (1) failure to pay all wages; (2) failure to provide all meal periods; (3) failure to pay all wages due to illegal rounding; (4) failure to timely furnish accurate itemized wage statements; (5) violations of Labor Code § 203; (6) penalties pursuant to California Labor Code § 2699; (7) unfair business practices; and (8) declaratory relief. In his First Amended Complaint, Plaintiff alleges a class action on behalf of six putative classes of current and former hourly employees of Defendant. With regard to these putative class members, Plaintiff alleges that Defendant, among other things, failed to pay straight time, minimum, or overtime wages for all hours worked; failed to provide all meal periods; failed to pay all wages due to illegal rounding; and failed to timely furnish accurate itemized wage statements.

On May 14, 2015, Defendant filed a Notice of Removal of Civil Action Pursuant to 28 U.S.C.

§§ 1332, 1441, 1446 and 1453 ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

In his Motion, Plaintiff argues that Defendant cannot meet its burden of proof that the amount in controversy exceeds $5,000,000, and moves to remand this action to San Bernardino Superior Court.

## II. Legal Standard and Discussion

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, ___ U.S. ___, 133 S.Ct. 1345, 1348 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In its Opposition, Defendant argues, relying on *Dart Cherokee*, that Plaintiff was required but failed to submit any evidence that the amount in controversy is less than $5,000,000, and, therefore, the Motion should be denied. However, contrary to Defendant's contention, *Dart Cherokee* does not mandate that a plaintiff must always submit evidence challenging the amount in controversy. Instead, *Dart Cherokee*, along with *Ibarra*, only requires a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden. *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one");

*see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this"). Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence. In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand. *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10 n. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was [defendant's] burden to come forth with evidence establishing the amount in controversy. As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc.*, 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

In this case, Defendant contends that the $5,000,000 amount in controversy requirement is met by the statutory penalties Plaintiff seeks in his fourth cause of action for Defendant's alleged failure to timely furnish accurate itemized wage statements and the statutory penalties Plaintiff seeks in his fifth cause of action for Defendant's alleged violations of California Labor Code § 203.[1] However, Plaintiff argues that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Specifically, Plaintiff contends that Defendant improperly assumes a 100 percent violation rate and fails to provide "summary-judgment-type evidence" showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Ibarra*, 775 F.3d at 1197 ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (internal quotation marks omitted). The Court agrees with Plaintiff.

Defendant begins its calculations regarding the amount in controversy by using the total number, or 100 percent, of its California-based hourly employees during the class period, and then assumes that all those employees suffered all of the violations alleged in the First Amended Complaint. For example, in calculating the amount in controversy with respect to Plaintiff's fourth cause of action for failure to furnish accurate itemized wage statements, Defendant assumes without evidentiary support that all California-based hourly employees suffered at least one wage statement inaccuracy during each pay period. Similarly, with respect to Plaintiff's fifth cause of action for violation of California Labor Code § 203, Defendant assumes without evidentiary support that all California-based hourly employees that terminated their employment with Defendant during the class period were not paid the wages they were owed upon termination.

However, "courts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support." *Moreno v. Ignite Restaurant Group*, 2014 WL 1154063, *5 (N.D. Cal. 2014) (holding that failing to provide "any support of a 100 percent violation rate, such

---

[1] Defendant also argues that the amounts sought by Plaintiff in his other causes of action, the amount of attorney's fees that may be awarded, and the value of any injunctive or declaratory relief would only increase the amount in controversy. However, Defendant provided no evidence as to what those amounts might be, and, therefore, it would be improper to consider them.

as evidence based on . . . records or a random sampling . . . is not sufficient to establish the amount in controversy by a preponderance of the evidence."); *Letuligasenoa v. Int'l Paper Co.*, 2014 WL 2115246, *5–6 (N.D. Cal. 2014) (rejecting application of 100 percent violation rate where unsupported by the record, stating that it would "improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction.").

In addition, using a 100 percent violation rate in this case is clearly inappropriate. Plaintiff does not allege that all of Defendant's California-based hourly employees were subject to the same purported violations suffered by Plaintiff. Instead, Plaintiff alleges that only those employees who worked in Defendant's "large facilities with heavy security" suffered the alleged violations related to unpaid wages, failure to provide a meal period, inaccurate wage statements, and violation of California Labor Code § 203. In fact, Plaintiff's First Amended Complaint specifically states that these violations occurred because of the specific physical layout of certain facilities that "required [employees] to walk long distances, swipe and/or personally show their badges to pass through multiple entry points, and when exiting, be screened through metal detectors and subjected to random personal searches before clocking in, often while waiting in long lines to do so." First Amended Complaint, ¶ 39; *see also id.*, ¶ 56 (because of the layout of certain facilities, Defendant's employees "were and are not allowed or physically able to record their meal period start or end times at or near a location that is and was easily accessible immediately upon entry into Defendants' facilities and/or without unreasonable delay between entry and clocking in and/or clocking out and exit"). Defendant admitted in its responses to Plaintiff's Special Interrogatories that "some (but not all) of Defendant's California facilities employ . . . security screening practices." Declaration of Gregg Lander in Support of Plaintiff's Motion to Remand ("Lander Decl."), Exh. 1. Therefore, Defendant acknowledges that only a fraction (and certainly not 100 percent) of its employees are subject to the type of security screenings that may cause many of the violations alleged in the First Amended Complaint, and, thus, only a fraction of its employees would have suffered the violations alleged in the First Amended Complaint.[2]

Moreover, Defendant's assumption of a 100 percent violation rate is not the "summary-judgment-type evidence" needed to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions"); *Roth v. Comerica Bank*, 799 F.Supp. 2d 1107, 1120 (C.D. Cal. 2010) (holding that "the suggestion that each class member missed one to three meal or rest periods per week . . . entirely unsupported in the record."); *Letuligasenoa*, 2014 WL 2115246, at *5–6 (holding that the assumption that every class member was denied a meal break and a rest break every single workday was speculative). Thus, the Court concludes that Defendant has failed to establish by a preponderance of the evidence the amount in controversy with respect to Plaintiff's fourth cause of

---

[2] Similarly, with respect to Plaintiff's claim regarding rounding errors, Defendant admitted in discovery that its rounding policy varies by facility. Lander Decl., Exh. 1. Thus, whether an employee received an inaccurate wage statement would depend, in part, on the facility at which that employee worked and that particular facility's rounding policy. Therefore, Defendant's argument that it is perfectly proper to assume that all hourly associates experienced at least one rounding error – and consequently one wage statement inaccuracy – during each pay period is simply incorrect.

action for Defendant's alleged failure to timely furnish accurate itemized wage statements and Plaintiff's fifth cause of action for Defendant's alleged violations of California Labor Code § 203. In the absence of any probative evidence of those amounts, the addition of any penalties Defendant claims Plaintiff might recover in determining the amount in controversy would be based entirely on speculation. *Letuligaseno*a, 2014 WL 2115246, at *9 ("Given that Defendants have failed to show any reasonable individual class estimate by a preponderance of the evidence, the court cannot find that Defendants have shown by a preponderance of the evidence that these class estimates, cumulatively, exceed [CAFA's threshold of] $5,000,000"); *see also Ibarra*, 775 F.3d at 1198 ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure.").

For all the foregoing reasons, the Court finds that Defendant has failed to carry its burden to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, Defendant has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions"). Accordingly, the Court finds it does not have jurisdiction pursuant to CAFA.

### III. Conclusion

Plaintiff's Motion is **GRANTED**. This action is **REMANDED** to San Bernardino Superior Court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

IT IS SO ORDERED.